**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

---

SANJAY KUMAR,

Petitioner,

v. Case No. 1:26-cv-02927 KWR-GBW

WARDEN, *Torrance County Detention Center*,
MARY DE ANDA-YBARRA, *Field Office Director, El Paso, U.S. Immigration and Customs Enforcement,*
ACTING DIRECTOR*,*
*Immigration and Customs Enforcement,*
TODD BLANCHE, *U.S. Attorney General, and*
MARKWAYNE MULLIN, *Secretary, U.S. Department of Homeland Security*,

Respondents.

**ORDER DENYING HABEAS PETITION**

**THIS MATTER** comes before the Court on Petitioner's Petition for Writ of Habeas Corpus (**Doc. 1**). Petitioner is a non-citizen who has been detained by ICE since September 17, 2025. Petitioner previously received a bond hearing pursuant to 8 U.S.C. § 1226(a). Bond was denied. Petitioner now asserts that his detention is prolonged, his prior bond hearing is stale, and he requests a second bond hearing. As explained below, Petitioner's Petition is not well-taken and therefore is **DISMISSED**. Petitioner has not demonstrated that the length of his detention violates his due process rights or entitles him to immediate release.

**BACKGROUND**

Petitioner is a citizen of India and is currently detained by ICE at the Torrance County Detention Center. Petitioner was arrested by ICE on September 17, 2025. An immigration judge

ordered removal on January 28, 2026. Petitioner appealed the removal order, and his appeal remains pending.

Petitioner previously filed a 28 U.S.C. § 2241 habeas petition in this district. *See Kumar v. Carnes,* 1:26-cv-01014-KWR-KRS (D.N.M.). Petitioner alleged that his arrest and detention were unlawful. The Court issued an order granting the petition in part, ordering a bond hearing under 8 U.S.C. § 1226. On August 3, 2026, Petitioner had a custody redetermination hearing before an immigration judge. The immigration judge denied bond after finding he was a flight risk.

Petitioner asserts the following claims in his Petition. First, he asserts that his detention violates due process. Second, he asserts that his detention violates the APA. Finally, he appears to assert that his detention violates the Fourth Amendment. The Court ordered Petitioner to file a reply, and Petitioner did not timely file a reply.

## DISCUSSION

**I. <u>Abuse of the writ</u>.**

Respondents assert that Petitioner's second petition should be dismissed for abuse of the writ. Petitioner filed a previous petition challenging his immigration detention in this district, which was granted in part and denied in part. In this second habeas petition, Petitioner challenges several rulings in the Court's prior habeas decision. For the reasons stated below, the Court dismisses this second habeas case for abuse of the writ.

Petitioner addressed abuse of the writ in his Petition, but he asserts that 28 U.S.C. § 2244 does not apply here. Although 28 U.S.C. § 2244 does not apply to petitions under § 2241, the Court may dismiss a case for abuse of the writ. Section 2244 provides a statutory bar for certain petitions that present a claim previously raised and adjudicated and those that raise a new claim. *See Stanko v. Davis*, 617 F.3d 1262, 1270 (10th Cir. 2010). Given that § 2244 applies to petitioners who are

detained "pursuant to a judgement of a court" and Petitioner is not detained pursuant to any court judgment, *see* § 2244(a); *see also* 28 U.S.C. § 2254, the Court relies on "the judicially-developed principle that a court could decline to hear a claim that was both raised and adjudicated in an earlier petition," *Stanko*, 617 F.3d at 1270. While § 2244(a) codifies the judicially-developed principles of successive and abusive uses of the writ, "the Supreme Court concluded that Congress did not intend § 2244 'to change the law as judicially evolved.'" *Id.* (citing *Sanders v. United States*, 373 U.S. 1, 11–12 (1963)). Thus, although § 2244 does not apply to Petitioner's situation, the underlying judicially-developed principles do.

The successive-use-of-the-writ doctrine authorizes "a federal court to decline to consider a habeas petition presenting a claim that was previously raised and adjudicated in an earlier habeas proceeding, unless the court determined that hearing the claim would serve the ends of justice." *United States v. Miles*, 923 F.3d 798, 803 (10th Cir. 2019) (quoting *Stanko*, 617 F.3d at 1269). The ends-of-justice exception requires a showing "that the alleged error 'probably has caused the conviction of one innocent of the crime,' thereby 'implicating a fundamental miscarriage of justice.'" *Id.* (quoting *McCleskey v. Zant*, 499 U.S. 467, 494–95 (1991)).

The abuse-of-the-writ doctrine authorizes "a court to decline to hear a second or subsequent habeas petition raising a claim that could have been presented in an earlier petition but was not." *Id.* (quoting *Stanko*, 617 F.3d at 1269). If the new claim was not raised in the earlier petition, "the petitioner must establish that the omission was not the result of inexcusable neglect in order to proceed on the new claim." *Id.* This requires a showing that "some objective factor external to the defense impeded counsel's efforts to raise the claim" or counsel had been "constitutionally ineffective." *Id.* (quoting *McCleskey*, 499 U.S. at 493–94). The bar can also be overcome if the petition comes within the "miscarriage-of-justice exception" by making "a proper showing of

actual innocence." *Id.* at 803–04 (quoting *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013)). "A 'proper showing' to overcome either bar requires 'new evidence [that] shows it is more likely than not that no reasonable juror would have convicted the petitioner.'" *Id.* at 804 (quoting *McQuiggin*, 569 U.S. at 395. "New evidence" is "relevant evidence that was either excluded or unavailable at trial." *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 327–28 (1995)).

Here, this is Petitioner's second habeas petition challenging his detention by ICE. In his first habeas case, the Court granted the habeas petition in part, ordered a bond hearing, but declined to shift the burden to the Government at the bond hearing. The Court also concluded that Petitioner failed to carry his burden as to several claims. Petitioner directly challenges several rulings by this Court in the prior habeas case. For example, he asserts that the Court erred by failing to shift the burden or failing to release him based on his allegedly erroneous arrest. Petitioner also appears to attempt to fix several deficiencies in his prior habeas petition. The Court finds that Petitioner's direct challenge to the rulings in the Court's prior habeas decision constitutes an abuse of the writ. Moreover, to the extent he asserts new claims, he fails to establish why he was unable to assert them in his prior habeas petition. Therefore, the Court dismisses this case for abuse of the writ.

In the alternative, assuming that the abuse of the writ doctrine does not apply or does not merit dismissing this case, his grounds for relief are not well taken, as explained below.

## II. <u>The Court declines to review the bond determination</u>.

To the extent Petitioner challenges the flight risk determination, the Court lacks authority to review that decision. Generally, the Court lacks jurisdiction to review a discretionary determination by an immigration judge in a bond decision. The release or bond decision by an immigration judge involves the weighing of evidence and is discretionary. § 1226(a); *Jennings v. Rodriguez,* 583 U.S. 281, 295 (2018). Discretionary bond decisions, such as the determination that

a noncitizen is a flight risk, are generally not reviewable by a federal district court. 8 U.S.C. § 1226(e) ("The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole."). "This provision precludes the Court from reviewing the IJ's decision that denied bond because Petitioner was a flight risk." *Mwangi v. Terry*, 465 F. App'x 784, 786–87 (10th Cir. 2012) ("Therefore, to the extent Mr. Mwangi challenges the agency's discretionary bond decision, the magistrate judge was correct that the court lacked jurisdiction.") (citing *Demore v. Kim*, 538 U.S. 510, 516–17 (2003)); *Jennings,* 583 U.S. at 295 (explaining that § 1226(e) bars a challenge to a discretionary judgment or decision by the Attorney General regarding detention or release but does not preclude challenges to the statutory framework); *see also Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022) ("Although we lack jurisdiction to review any discretionary determinations underlying the IJ's bond decision…"). Here, the immigration judge denied bond, reasoning that he is a flight risk. The Court lacks authority to review the immigration judge's discretionary determination. In the alternative, it would not set aside that determination.

**III. <u>Shifting the burden at the bond hearing was not required</u>.**

In the prior habeas decision, the Court concluded that Petitioner failed to adequately raise burden-shifting or in the alternative failed show that burden shifting was appropriate. The Court noted as follows:

> Moreover, Petitioner does not explain why the Court should shift the burden to Respondents on the issues of flight and dangerousness at the bond hearing, and the Court declines to *sua sponte* analyze this issue. Alternatively, for the reasons the Court asserted in *Montero Cordova,* which the Court incorporates herein, the Court declines to order Respondents to shift the burden at any bond hearing. *See Montero Cordova v. Noem*, No. 1:26-CV-00526-KWR-DLM, 2026 WL 867689, at *12-15

> (D.N.M. Mar. 30, 2026). Although Petitioner cites to the *Mathews* factors, he does not analyze or explain why those factors require the Court to shift the burden.

*Kumar v. Carnes,* 1:26-cv-1014 KWR-KRS (D.N.M. Jul. 29, 2026), Doc. 8 at 8-9. Petitioner challenges this determination, asserting it was erroneous. For the reasons stated in *Montero-Cordova v. Noem,* the Court would reject burden-shifting. Case No. 1:26-CV-00526-KWR-DLM, 2026 WL 867689, at *12-15 (D.N.M. Mar. 30, 2026).

Petitioner asserts that the Court previously found that his detention was unconstitutionally prolonged, requiring the Court to shift the burden to Respondents at the bond hearing. But the Court did not conclude that Petitioner's detention at the time was unconstitutionally prolonged. The Court concluded that Petitioner was detained under 8 U.S.C. § 1226(a) and ordered a bond hearing. This is same relief ordered in by the Tenth Circuit in *Santillan Quiroz. Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1251 n.13 (10th Cir. 2026).

**IV. <u>Petitioner's detention is not unconstitutionally prolonged</u>.**

Petitioner asserts that his prolonged detention violates due process. To the extent he asserts a procedural due process claim, that claims fails. Petitioner was detained on September 17, 2025. He received a bond hearing on or about August 3, 2026. Thus, Petitioner received the remedy for prolonged detention, a bond hearing under § 1226(a). Petitioner has not carried his burden to show that his detention is prolonged and violates due process, or that he is entitled to another hearing at this time or release. To be sure, some courts have held that noncitizens detained under § 1226(a) pending a decision on removal are entitled to a bond hearing after their detention becomes prolonged. The Second Circuit held that detainees are entitled to an *additional* bond hearing after their detention becomes prolonged. *Velasco Lopez v. Decker*, 978 F.3d 842, 854 (2d Cir. 2020). On the other hand, the Third and Ninth Circuits found that § 1226(a) did not entitle the petitioner to an *additional* bond hearing after detention becomes prolonged. *See Borbot v. Warden Hudson*

*Cnty. Corr. Facility*, 906 F.3d 274, 279 (3d Cir. 2018); *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1213–14 (9th Cir. 2022).[1] The Court need not decide which line of cases to follow. Here, Petitioner received a bond hearing less than six months ago, and therefore he has received the remedy for prolonged detention. Alternatively, the Court would follow *Borbot* and *Rodriguez* and conclude he is not entitled to another bond hearing.

To the extent Petitioner asserts that this prolonged detention violates *Zadvydas,* that claim fails as well. In an unpublished decision, the Tenth Circuit held that a noncitizen detained for more than three years pending a decision on removal proceedings under § 1226(a) was not entitled to relief for indefinite detention under *Zadvydas*. *See Mwangi v. Terry*, 465 F. App'x 784, 787 (10th Cir. 2012). It reasoned that the end of his detention remained reasonably forseeable because he was detained pending a decision on whether he was to be removed from the United States, and there was nothing in the record to suggest that the petitioner was unremovable. *Id.* Similarly, in a published case the Tenth Circuit rejected the application of *Zadvydas* to a petitioner who had a removal order with an appeal pending, explaining as follows:

> But for now, his detention is clearly neither indefinite nor potentially permanent like the detention held improper in *Zadvydas;* it is, rather, directly associated with a judicial review process that has a definite and evidently impending termination point, and, thus, is more akin to detention during the administrative review process, which was upheld in *Demore v. Kim,* 538 U.S. 510, 527–29, 531, 123 S.Ct. 1708, 155 L.Ed.2d 724 (2003) ("Detention during removal proceedings is a constitutionally permissible part of that process.").

*Soberanes v. Comfort*, 388 F.3d 1305, 1311 (10th Cir. 2004). Petitioner has not demonstrated that his detention is indefinite or his appeal of his removal order will not be processed.

[1] The Court notes that these decisions were fact-dependent, and the opinions generally did not rule out finding prolonged detention under different factual circumstances.

To the extent Petitioner asserts a substantive due process claim, it does not appear to be meritorious. Petitioner has substantive due process rights. *Rodriguez-Fernandez v. Wilkinson*, 654 F.2d 1382, 1387 (10th Cir. 1981) ("[A]n excluded alien in physical custody within the United States may not be 'punished' without being accorded the substantive ... due process guarantees of the Fifth Amendment."). Respondents may violate a noncitizen's substantive due process rights if immigration detention becomes punitive. *Id.* Nevertheless, "the mere fact that a person is detained does not inexorably lead to the conclusion that the government has imposed punishment." *United States v. Salerno*, 481 U.S. 739, 746 (1987). A restriction on liberty is punitive rather than regulatory if (a) the government intends to impose punishment, or (b) the restriction is not rationally related to a legitimate nonpunitive governmental purpose or is excessive in relation to that purpose. *Id.* at 747.

"[S]ince *Mathews,* this Court has firmly and repeatedly endorsed the proposition that Congress may make rules as to aliens that would be unacceptable if applied to citizens." *Demore v. Kim*, 538 U.S. 510, 522 (2003). Detention pending removal proceedings "is a constitutionally permissible part of the process." *Demore*, 538 U.S. at 531. Detention pending a removal decision "necessarily serves the purpose of preventing deportable [ ] aliens from fleeing prior to or during their removal proceedings, thus increasing the chance that, if ordered removed, the aliens will be successfully removed." *Demore,* 538 U.S. at 528 (considering mandatory detention under §1226(c)). By its nature, mandatory detention under § 1225 is definite—its "obvious termination point" is the entry of a final removal order. *Zadvydas*, 533 U.S. at 697. Due process requires that the duration of mandatory detention bear "a reasonable relation to the purpose for which the individual was committed." *Zadvydas*, 533 U.S. at 690 (cleaned up).

Here, Petitioner has been detained for more than a year, but he does not present any facts suggesting that a decision on his removal will not occur, or that his detention is merely punitive. Petitioner was detained on or about September 17, 2025. A removal order was issued on January 28, 2026, which Petitioner appealed. The appeal remains pending. A bond hearing was held on or about August 3, 2026 under § 1226(a). Petitioner has not argued or presented evidence that his removal proceedings will not be adjudicated or processed. Therefore, it is clear that Petitioner is being detained pending a decision on his removal, not to merely punish him. Moreover, his detention is rationally related to the legitimate governmental purpose of adjudicating his removal and ultimately removing him from the country. He is not being mandatorily detained. Rather, an immigration judge decided he should be detained as he is a flight risk. Petitioner does not demonstrate how his detention is excessive in relation to its purpose. Based on the arguments and record before the Court, the Court declines to find that Petitioner's substantive due process rights have been violated based on the length of his detention pending a decision on his removal proceedings. Therefore, Petitioner's substantive due process claim fails.

**V. <u>Petitioner's APA claims are not well-taken</u>.**

To the extent Petitioner challenges his detention through an APA claim, it fails. The APA provides a cause of action only where there is no other adequate remedy in court. 5 U.S.C. § 704. Challenges to the fact or duration of immigration detention are cognizable in habeas and "must be brought in habeas." *Trump v. J.G.G.*, 604 U.S. 670, 672 (2025); *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) ("Challenges to immigration detention are properly brought directly through habeas.") (citing *Zadvydas*, 533 U.S. at 687-88). In a concurring opinion, Justice Kavanaugh explained that "claims under the APA are not available when there is another 'adequate remedy in a court,' ...." *Trump v. J.G.G.*, 604 U.S. at 674 (Kavanaugh, J., concurring). He further

explained that "habeas corpus, not the APA, is the proper vehicle here." *Id.* Because the relief Petitioner seeks is attainable through habeas corpus, the APA does not supply a cause of action here.

## VI. **Petitioner's Fourth Amendment claim is not well taken.**

Petitioner asserts that his arrest was unlawful. Petitioner is lawfully detained under 8 U.S.C. § 1226(a) and received a bond hearing before an immigration judge. To the extent Petitioner asserts that Respondents violated the Fourth Amendment, he has not established that such a violation entitles him to release. Generally, the remedy for a Fourth Amendment violation is suppression of unlawfully seized evidence. Evidence collected as part of an unconstitutional seizure may be inadmissible. *United States v. Samilton*, 56 F.4th 820, 826 (10th Cir. 2022) (citing *Terry v. Ohio*, 392 U.S. 1, 29 (1968)). However, "an illegal arrest has no bearing on a subsequent deportation proceeding." *United States v. Olivares-Rangel*, 458 F.3d 1104, 1110 (10th Cir. 2006) (quoting *INS v. Lopez-Mendoza*, 468 U.S. 1032, 1040 (1984)). "It was in [the context of a deportation proceeding] in which the Court noted that the 'body' or identity of a defendant is never suppressible as fruit of an unlawful arrest." *Id.*

Generally, the purpose of a habeas petition under § 2241 is to test whether a petitioner's *current* detention is lawful, and a *prior* unlawful arrest does not require release when detention is otherwise lawful. *See United States ex rel. Bilokumsky v. Tod*, 263 U.S. 149, 158 (1923) (finding that a habeas petition is "not like an action to recover damages for an unlawful arrest or commitment, but its object is to ascertain whether the prisoner can lawfully be detained in custody; and if sufficient ground for his detention by the government is shown, he is not to be discharged for defects in the original arrest"); *see also Stone v. Powell*, 428 U.S. 465, 485 (1976) (noting that "judicial proceedings need not abate when the defendant's person is unconstitutionally seized")

(citing *Gerstein v. Pugh*, 420 U.S. 103, 119 (1975)); *Walker v. Wainwright*, 390 U.S. 335, 337 (1968) (As the Supreme Court has recognized, "the great and central office of the writ of habeas corpus is to test the legality of a prisoner's current detention."); *see also Arias v. Rogers*, 676 F.2d 1139, 1143 (7th Cir. 1982) (explaining that once deportation proceedings started, the legality of the noncitizens' detention based on a lack of warrant can no longer be tested by way of habeas corpus). Here, Petitioner has received a bond hearing under § 1226(a) and is lawfully detained under § 1226(a).

## CONCLUSION

The Court dismisses this case for abuse of the writ. In the alternative, the Court would deny the Petition on the merits.

**IT IS THEREFORE ORDERED** that Petitioner's Petition (Doc. 1) is hereby **DISMISSED.**

____________/S/_______________________
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE